UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| TODD A. CRISWELL, ) | |
| ) | |
| Plaintiff(s), ) | |
| ) | |
| vs. ) | Case No. 4:06CV01565-ERW |
| ) | |
| THE CITY OF O'FALLON, MISSOURI, et al., ) | |
| ) | |
| Defendant(s). ) | |

## MEMORANDUM AND ORDER

This matter comes before the Court on Defendants the City of O'Fallon, Missouri, Donna Marrow, Robert Lowery, Jr., Greg Smothers, Daniel Christoff, Pierce Conley, Rick Lucas, Peter Cantwell, John Haman, Bill Hennessy, and Jeff Schwentker's Motion to Dismiss [doc. #4].

## I. BACKGROUND[1]

Plaintiff Todd A. Criswell ("Plaintiff") alleges two Counts against Defendants City of O'Fallon, Missouri ("the City"), Donna Morrow, Robert Lowery, Jr., Greg Smothers, Daniel Christoff, Pierce Conley, Rick Lucas, Peter Cantwell, John Haman, Jr., Bill Hennessy and Jeff Schwentker (collectively "Defendants"). Count I alleges Defendants violated Plaintiff's First Amendment rights by terminating Plaintiff in retaliation for exercising his right of free speech under 42 U.S.C. §§ 1983 and 1985(3). Count II alleges wrongful termination under Missouri common law.

---

[1]For purposes of the pending motion to dismiss, all facts are taken from Plaintiff's Complaint.

1

Plaintiff was hired by the City as Managing Director of Community Development on September 15, 2004 and worked in that position until he was terminated on May 15, 2006. He was employed by the City as an at-will employee. His duties included overseeing private and public building projects in the City of O'Fallon. Plaintiff was also responsible for approving and authorizing the release of escrow funds which were paid by developers to the City in order to guarantee the completion of all final project requirements, or to pay for the completion of these projects if the developers defaulted on their final responsibilities.

In October, 2005, Defendant Lowery was hired as City Administrator, and served as Plaintiff's supervisor. Defendant Smothers was assistant City Administrator. Plaintiff alleges that Defendant Lowery instructed him on numerous occasions to disregard code requirements, and instructed him not to issue second or supplemental non-compliance reports or violation notices to certain developers. Plaintiff was further instructed to release escrow funds to certain developers, even though their projects were not completed in compliance with city code. Plaintiff refused to follow these directives. Plaintiff further alleges that he advised members of the City government of Defendant Lowery's conduct, which led to Defendants Lowery and Smothers instructing Plaintiff that he was not allowed to have any contact with members of the City Council.[2] Plaintiff was advised that if he did have further contact with members of City Council, he would be terminated.

Secondly, Plaintiff asserts that Defendants retaliated against him due to his cooperation with the Federal Bureau of Investigation ("FBI"). The FBI was investigating allegations that

---

[2]The City of O'Fallon, Missouri was a Fourth Class city until April, 2006, when the voters of the City elected to change to a Third Class City. This change resulted in the Board of Alderman being replaced by a City Council. Throughout the Complaint, and the parties' briefs, the members of the City Council are alternately referred to as Councilmen and Aldermen. The Court will refer to them as Councilmen.

2

members of the City Government had received payments or provisions of improper benefits from certain favored developers. Plaintiff assisted the FBI in the investigation.

Lastly, Plaintiff asserts retaliation for reporting to the City Administrator's Office concerns that the budget was being misappropriated. Plaintiff asserts that Defendants Lowery and Smothers, as well as Defendant Mayor Donna Morrow ("Defendant Mayor"), failed to comply with city ordinances by failing to return over three million dollars in budgetary surplus to the private citizens and local businesses that had paid the fees leading to the surplus; the three million dollars was revenue generated from building permit fees. Plaintiff was advised that the City was attempting to use the surplus for normal budgetary operations, and that such an action potentially violated the Missouri Constitution. Plaintiff reported these concerns to the City Administrator's office, but no action was taken to remedy the violations.

Plaintiff reported the potential budget problems, the failure to comply with building codes, and the misappropriation and misuse of building fees, all to no avail. On May 14, 2006, Plaintiff was terminated. Plaintiff asserts that his termination was a direct result of his failure to keep quiet regarding the illegal actions of the City Administrator and the assistant City Administrator, and due to his cooperation with the FBI. Plaintiff has been unable to find gainful employment since his termination.

Plaintiff filed suit on October 25, 2006 against Defendants for alleged constitutional and Missouri common law violations. Defendants did not file an answer, but rather filed the pending motion to dismiss for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6). Defendants' motion is fully briefed and currently pending before this Court.

## II. LEGAL STANDARD

The standard governing motions to dismiss is well-settled. A complaint shall not be dismissed for its failure to state a claim upon which relief can be granted unless it appears beyond a reasonable doubt that the plaintiff can prove no set of facts in support of a claim entitling him or her to relief. *Breedlove v. Earthgrains Baking*, 140 F.3d 797, 799 (8th Cir. 1998). When deciding a motion to dismiss under Rule 12(b)(6), the Court must assume that all material facts alleged in the complaint are true. *Davis v. Monroe City Bd. of Educ.*, 526 U.S. 629, 633 (1999). The court must view all facts and inferences in the light most favorable to the non-moving party and "may dismiss the complaint only if it is clear that no relief can be granted under any set of facts that could be proved consistent with the complaint." *McMorrow v. Little*, 109 F.3d 432, 434 (8th Cir. 1997); *Stone Motor Co. v. Gen. Motors Corp.*, 293 F.3d 456, 464 (8th Cir. 2002). Thus, as a practical matter, a dismissal under Rule 12(b)(6) should be granted "only in the unusual case in which a plaintiff includes allegations that show, on the face of the complaint, that there is some insuperable bar to relief." *Strand v. Diversified Collection Serv., Inc.*, 380 F.3d 316, 317 (8th Cir. 2004) (quoting *Frey v. Herculaneum*, 44 F.3d 667, 671 (8th Cir. 1995)). The issue on a motion to dismiss is not whether the plaintiff will ultimately prevail, but whether the plaintiff is entitled to present evidence in support of his or her claim. *Schuer v. Rhodes*, 416 U.S. 232, 236 (1976). However, to avoid dismissal under Rule 12(b)(6), "the complaint must contain facts which state a claim as a matter of law and must not be conclusory." *Briehl v. Gen Motors Corp.*, 172 F.3d 623, 627 (8th Cir. 1999)

### III. DISCUSSION

#### A. COUNT I

Under Count I, Plaintiff alleges violations of 42 U.S.C. § 1983 and 42 U.S.C. § 1985(3), based on the Defendants' alleged conduct of terminating Plaintiff due to his refusal to violate City

4

ordinances, and his cooperation with the FBI. All claims are alleged against the individual Defendants in both their official and individual capacities. The Court will address three distinct types of Defendants for each claim: The individual City Government Defendants, the City Councilmen and Mayor; the City; and Defendants Lowery and Smothers. Lastly, the Court will address the individual Defendants' assertion of qualified immunity, which is relevant to both Counts of Plaintiff's Complaint.

### 1. 42 U.S.C. § 1983

Plaintiff alleges that his First Amendment right to free speech was violated, and therefore he is entitled to relief under 42 U.S.C. § 1983. Section 1983 states, in pertinent part,

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law. . ..

42 U.S.C. § 1983. The first argument made by Defendants is that only Defendants Lowery and Smothers can be liable under § 1983, as they were the only ones personally involved in the constitutional deprivation, namely terminating Plaintiff in response to his protected speech. The remaining Defendants, Morrow, Christoff, Conley, Lucas, Cantwell, Haman, Jr., Hennessy and Schwentker ("government Defendants"), cannot be liable as Plaintiff has not alleged any personal involvement or knowledge by those Defendants. Plaintiff responds, that although the government Defendants were not personally involved in the decision to terminate Plaintiff, they ratified the action by their knowledge, and failure to intervene.

In order to be successful on a claim under § 1983, a plaintiff must allege facts that the defendant was personally involved in the constitutional violation. *Carter v. Blake*, 2006 WL 568347, *2 (E.D.Mo. Mar. 7, 2006); *see also Wilson v. Cross*, 845 F.2d 163, 165 (8th Cir. 1988)

5

("Only the person who caused the deprivation can be held liable."). Although a general responsibility to supervise is insufficient to establish the requisite personal involvement, "if a supervisor continuously fails to rectify known violations, an inference of reckless disregard or tacit authorization may be drawn and liability may attach in that case." *Coffman v. Blake*, 2006 WL 2594774, *2 (E.D.Mo. Aug. 11, 2006); *see also Howard v. Adkison*, 887 F.2d 134, 137 (8th Cir. 1989) ("Supervisors, in addition to being liable for their own actions, are liable when their corrective inaction amounts to deliberate indifference to or tacit authorization of the violative practices." (internal quotation omitted)).

Plaintiff's complaint alleges that "Plaintiff advised individuals, both in the City government and outside the government, that he believed he was being directed to ignore or to fail to enforce building and zoning codes with regard to certain favored developers in O'Fallon." *Pl. Compl.* ¶27. Furthermore, Plaintiff alleges that the City Government was being investigated by the FBI regarding payments from favored developers, the same concerns that Plaintiff was raising regarding building code violations. Although Plaintiff's factual allegations against the City and City Councilmen are not abundant, the pleading standards under the Federal Rules are quite low. Rule 8(a)(2) states: "A pleading which sets forth a claim for relief, whether an original claim, counterclaim, cross-claim, or third-party claim, shall contain . . .(2) a short and plain statement of the claim showing that the pleader is entitled to relief. . .." Fed. R. Civ. P. 8(a)(2). It is important to reiterate the Supreme Court's cautionary statement that "[a] court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984). The Plaintiff, consistent with the allegations, could prove facts to support the government Defendants

knowledge of, and ratification of, Defendants Lowery and Smothers actions. Therefore, Defendants argument for dismissal based on a lack of personal involvement fails.

This conclusion, that the allegations are sufficient to show the City had knowledge of the illegal activity, clearly states a cause of action under § 1983 against the City itself,[3] as the City was Plaintiff's employer. However, Defendants also argue that the individual City Councilmen and Mayor, lacked authority to terminate Plaintiff, and had no involvement in employment decisions. A First Amendment retaliation claim requires a showing that a plaintiff was engaged in protected speech, that the defendant knew of the protected speech, and that it was that speech which motivated the defendant's conduct. *See Howard v. Columbia Public School Dist.*, 363 F.3d 797, 801 (8th Cir. 2004) ("To establish such a claim, the plaintiff must demonstrate that she has engaged in protected speech. . ., and that her speech was a motivating factor in the action taken against her."). If the City Councilmen and Mayor lacked the authority to terminate Plaintiff, those Defendants cannot be liable for the conduct complained of, namely Plaintiff's termination. Even if Plaintiff's complaint can be read to allege knowledge of Plaintiff's protected speech, there are no allegations that the City Councilmen or the Mayor were involved in the employment decisions, and therefore cannot be liable under 42 U.S.C. § 1983.

Unlike the government Defendants, Defendants Lowery and Smothers were directly responsible for overseeing Plaintiff's conduct, and Plaintiff has specifically alleged actions taken by them which violate his First Amendment rights. Plaintiff asserts that Defendants Lowery and Smothers threatened him with termination if he did not cease his protected speech, and followed

---

[3]The Court notes that in response to Plaintiff's claim under Count II, Defendants argue that the City itself is Plaintiff's true employer, and therefore the only party that can be responsible for wrongful discharge under Missouri Common law. Defendants can not argue both ways. If the City is Plaintiff's employer, then they had the authority to terminate Plaintiff and can be held liable for retaliation in violation of Plaintiff's First Amendment rights.

7

through with this threat. This clearly states a claim for relief under 42 U.S.C. § 1983. Therefore Defendants' motion to dismiss Plaintiff's claim under Count I against Defendants Lowery and Smothers is denied.

### 2. 42 U.S.C. § 1985(3)

42 U.S.C. § 1985 is titled "Conspiracy to interfere with civil rights," and states, in pertinent part:

> (3) Depriving persons of rights or privileges. If two or more persons in any State or Territory conspire or go in disguise on the highway or on the premises of another, for the purpose of depriving either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; or for the purpose of preventing or hindering the constituted authorities of any State or Territory from giving or securing to all persons within such State or Territory the equal protection of the laws; . . . in any case of conspiracy set forth in this section, if one or more persons engaged therein do, or cause to be done, any act in furtherance of the object of such conspiracy, whereby another is injured in his person or property, or deprived of having and exercising any right or privilege of a citizen of the United Sates, the party so injured or deprived may have an action for the recovery of damages occasioned by such injury or deprivation, against any one or more of the conspirators.

42 U.S.C. § 1985(3). In order to state a claim under § 1985(3), a plaintiff must allege that:

> (1) the defendants conspired, (2) for the purpose of depriving any person or class of persons of equal protection of the laws, or of equal privileges and immunities under the laws, that (3) one or more of the conspirators did or caused to be done any act in furtherance of the conspiracy, and (4) as a result, another was injured in his person or property or deprived of having and exercising any vital privilege of a citizen.

*Dubray v. Rosebud Housing Authority*, 565 F.Supp. 462, 466 (D.S.D. 1983) (citing *Griffin v. Breckenridge*, 403 U.S. 88, 102-03 (1971)). As stated by the district court of South Dakota, "[i]t is well settled that conclusory allegations of a conspiracy are insufficient to state a claim under § 1985(3)." *Id.* at 466; *see also Jafree v. Barber*, 689 F.2d 640, 644 (7th Cir. 1982) ("This type of allegation. . . must be supported by material facts, not conclusory statements."); *Slotnick v.*

*Garfinkle*, 632 F.2d 163, 165 (1st Cir. 1980) ("[A]llegations of conspiracy must. . . be supported by material facts, not merely conclusory statements.").

Plaintiff has failed to allege facts sufficient to state a claim under § 1985(3), as he merely asserts conclusory statements, rather than material facts. Three paragraphs of Plaintiff's complaint allege conspiracy:

> 53. Defendants Morrow, Lowery and Smothers and Aldermen Daniel Christoff, Pierce Conley, Rick Lucas, Peter Cantwell, John Haman, Jr., Bill Hennessy and Jeff Schwentker acting in their individual capacities and under color of law, conspired together, reached a mutual understanding and acted to undertake a course of conduct that violated the Plaintiffs' civil rights, to wit: Defendants agreed and acted intentionally to punish Plaintiff for having exercised his First Amendment rights of the United States Constitution which was critical of Defendants.
>
> 54. As a direct and proximate result of the conspiracy between the Defendants, Plaintiff Criswell was deprived of his right to exercise his freedom of speech guaranteed by the First Amendment.
>
> 55. As a direct and proximate result of the conspiracy between the Defendants, Plaintiff suffered severe physical pain, personal humiliation, outrage, damage to reputation, disgrace and mental and emotional distress.

*Pl. Compl.* ¶¶53-55. The only facts included in the complaint that could be read to support these allegations are paragraphs twenty-seven, which states "Plaintiff advised individuals, both in the City government and outside the government" of the alleged misconduct by Defendants Lowery and Smothers, and paragraph twenty-nine, which states that Plaintiff cooperated with the FBI's investigation concerning 'the payment or provision of improper benefits among members of The City of O'Fallon government." *Pl. Compl.*, ¶¶27, 29. However, these facts alone are inadequate to support a conspiracy claim as they do not specifically allege the involvement of the individually named Defendants, nor do they allege any specific actions taken in furtherance of the conspiracy. These conclusory statements are insufficient, and therefore Defendants' Motion to Dismiss is granted as to Plaintiff's § 1985(3) claim under Count I against all Defendants.

**B. COUNT II**

Plaintiff alleges wrongful termination under Count II against all Defendants. Defendants assert in their Motion to Dismiss that dismissal is appropriate as to the individual defendants as there was no employment relationship between Plaintiff and the individual Defendants. Defendants assert that the City is Plaintiff's employer for purposes of a wrongful termination action, and therefore only the City can be held liable. Plaintiff does not specifically address Defendants' argument in his response brief.

"Under Missouri law, employees without an employment contract are considered employees at-will." *Porter v. Reardon Mach. Co.*, 962 S.W.2d 932, 936 (Mo.Ct.App. 1998). Therefore, "[a]s a general proposition. . . an employer [can] discharge an employee at any time, with or without cause. . .." *Mehrer v. Diagnostic Imaging Center, P.C.*, 157 S.W.3d 315, 318-319 (Mo.Ct.App. 2005); *see also Porter*, 962 S.W.2d at 936 ("Historically, an employer could discharge an employee at-will with or without cause."). There are however, a number of recognized exceptions to the general rule. *Mehrer*, 157 S.W.3d at 319. "While certain exceptions to the employment at-will doctrine have been created by statute, other exceptions have arisen through case law." *Id.*

> Specifically, Missouri courts have recognized a limited, narrow public policy exception to the employment at-will doctrine. . . [which] permits an employee to seek recovery. . . in one of three circumstances where the termination was in retaliation for: (1) the employee's refusal to violate a statute; (2) the employee's reporting violations of law by fellow employees or supervisors; or (3) employee's assertion of some other legal right.

*Id. See also Luethans v. Washington University*, 894 S.W.2d 169, 171, n. 2 (Mo. 1995) (same).

In a recent opinion of this district, Judge Hamilton addressed the common law exception to the employment at will doctrine in a case involving the same Defendants and factual assertion as are presented to this Court in the case at bar. *Mobley v. City of O'Fallon*, Case No.

4:06CV01566-JCH, *9 (E.D.Mo. March 30, 2007). Judge Hamilton held that the claim of wrongful termination was only available against plaintiff's "actual former employer, i.e., the City of O'Fallon." *Id*. This Court agrees with that conclusion. The case law is clear that not even a supervisor is an "employer" for purposes of a wrongful termination action. *See. e.g. U.S. ex rel Lamar v. Burke*, 894 F.Supp. 1345, 1348 (E.D.Mo. 2005). The court in *Burke* found the dictionary definition applicable which defines as employers "only those agents 'acting for such enterprise in employing persons.'" *Id*. Plaintiff was not hired by Defendants Lowery or Smothers, his immediate supervisors, but rather was hired by the City. In *U.S. ex rel Golden v. Arkansas Game & Fish Commission*, the Eighth Circuit held that Plaintiff's retaliation claim under the False Claims Act failed as a mater of law, because "such a claim can only be against an 'employer[,]'" and the only claim remaining was not against an employer, but rather was "against the commissioners in their individual capacities." 333 F.3d 867, 870-871 (8th Cir. 2003). By analogy, the only Defendant properly sued as Plaintiff's employer is the City itself, not the City Councilman, nor the mayor, nor Plaintiff's immediate supervisors, Defendants Lowery and Smothers. Therefore, Plaintiff's claim under Count II against all individual Defendants is dismissed.

### C. Qualified Immunity

Defendants also assert that Counts I and II should be dismissed against the individual defendants in their individual capacity because their actions are protected by qualified immunity. The Court notes, that Count II has been decided in Defendants favor as to the individual Defendants as that action is only available against the City. Therefore, the qualified immunity argument need only be addressed in the context of Count I. Furthermore, the only remaining individual Defendants under Count I are Defendants Lowery and Smothers.

Qualified immunity protects government officials performing discretionary duties from liability for civil damages "insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). Plaintiff in this case clearly alleges that Defendants Lowery and Smothers violated his constitutional right to free speech, by preventing Plaintiff from speaking out regarding illegal practices within the City Administrator's office, and subsequently terminating Plaintiff's employment. If these assertions are correct, then Defendants' qualified immunity defense would fail, as Plaintiff has stated a violation of a clearly established constitutional right. Defendants Motion to Dismiss Count I on the basis of qualified immunity is denied.

## IV. CONCLUSION

This Court concludes that Defendants' Motion to Dismiss is valid as it pertains to Plaintiff's claims under Count I against the individual City Councilmen and Mayor under § 1983, and as it pertains to all Defendants under § 1985(3). The only remaining allegations under Count I are those asserted against the City and Defendants Lowery and Smothers under § 1983. Plaintiff has failed to allege sufficient facts to support a claim under § 1983 against the City Councilmen and Mayor; assuming that they had knowledge of the alleged illegal conduct and failed to take action to stop it, Plaintiff's claim still fails, as he has not alleged that the City Councilmen and Mayor had the authority to terminate Plaintiff's employment. Furthermore, Plaintiff's complaint fails to allege sufficient facts to support a claim under § 1985(3) against all Defendants. As to Count II, the only proper defendant is the City. Therefore Count II is dismissed against all Defendants except the City of O'Fallon, Missouri.

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' Motion to Dismiss Plaintiff's Complaint [doc. #4] is **GRANTED in part and DENIED in part.** It is **GRANTED** as to Plaintiff's Count I claim under § 1983 as to Defendants Donna Morrow, Daniel Christoff, Pierce Conley, Rick Lucas, Peter Cantwell, John Haman, Jr., Bill Hennessy and Jeff Schwentker, and is **DENIED** as to Plaintiff's claim against Defendants the City of O'Fallon, Missouri, Robert Lowery, Jr., and Greg Smothers under § 1983. It is **GRANTED** as to Plaintiff's Count I claim under § 1985(3) as to all Defendants. It is **GRANTED** as to Count II against Defendants Robert Lowery, Jr., Greg Smothers, Donna Morrow, Daniel Christoff, Pierce Conley, Rick Lucas, Peter Cantwell, John Haman, Jr., Bill Hennessy and Jeff Schwentker. It is **DENIED** as to Count II against Defendant City of O'Fallon, Missouri.

**IT IS FURTHER ORDERED** that Plaintiff shall have until June 29, 2007 to file an amended Complaint.

Dated this <u>15th</u> Day of <u>June</u>, 2007.

_____
E. RICHARD WEBBER
UNITED STATES DISTRICT JUDGE