UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| TODD A. CRISWELL, | ) |
| | ) |
| Plaintiff(s), | ) |
| | ) |
| vs. | ) Case No. 4:06CV01565-ERW |
| | ) |
| CITY OF O'FALLON, MISSOURI, et al., | ) |
| | ) |
| Defendant(s). | ) |

## **MEMORANDUM AND ORDER**

This matter comes before the Court on Defendants' Motion to Consolidate [doc. #20].

## **I. BACKGROUND**

Plaintiff Criswell filed suit against Defendants City of O'Fallon, Missouri ("the City"), Donna Morrow, Robert Lowery, Jr., Greg Smothers, Daniel Christoff, Pierce Conley, Rick Lucas, Peter Cantwell, John Haman, Bill Hennessy, and Jeff Schwentker, alleging two counts arising out of Plaintiff's termination from his employment with the City. Under Count I, Plaintiff alleged that Defendants violated Plaintiff's rights under the First Amendment of the Constitution and is therefore liable under 42 U.S.C. §§ 1983 and 1985. Under Count II, Plaintiff alleged wrongful discharge under Missouri Public Policy law. Plaintiff's allegations allegedly arise out of Defendant's retaliation against Plaintiff for exercising his right to free speech. Defendants filed a Motion to Dismiss, which this Court granted in part and denied in part. The only claims remaining following this Court's order are against the City and Defendants Lowery and Smothers under Count I, for violation of 42 U.S.C. § 1983, and under Count II against the City; all other Defendants under Count II were dismissed.

1

The remaining Defendants now seek to consolidate the pending case, with higher case number 4:06CV01566-JCH, *Mobley v. The City of O'Fallon, Missouri* ("the *Mobley* case"). The Plaintiffs in both cases are former employees of the City. In a similar motion as that filed before this Court, Defendants filed a Motion to Dismiss in the *Mobley* case, which was ruled on in the same manner as the motion filed before this Court. Plaintiff opposes consolidation of the two cases. The Court heard oral arguments on the pending motion on September 4, 2007, and will now address the motion.

## II. LEGAL STANDARD

Rule 42 of the Federal Rules of Civil Procedure provides that:

When actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all the matters in issue in the actions; it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay.

Fed. R. Civ. P. 42(a). The district court has discretion in ruling on a motion to consolidate. *Environmental Protection Agency v. City of Green Forest, Arkansas*, 921 F.2d 1394, 1402 (8th Cir. 1990). In deciding a motion to consolidate the burden is on the defendant to "establish that consolidation would promote trial convenience and economy in administration." *Shump v. Belka*, 574 F.2d 1341, 1344 (10th Cir. 1978). "Consolidation is inappropriate . . . if it leads to inefficiency, inconvenience, or unfair prejudice to a party." *Equal Employment Opportunity Commission v. HBE Corp.*, 135 F.3d 543, 551 (8th Cir. 1998).

## III. DISCUSSION

In the case at bar, Defendants assert that consolidation is appropriate as both cases involve nearly identical factual and legal issues, the defenses in the two cases are identical, the attorneys in the two cases are the same, and the parties have agreed to consolidate the cases for the purposes of discovery. Plaintiff disputes that the cases should be consolidated, asserting that Defendants

2

have failed to meet their burden to show that consolidation is appropriate. Specifically, Plaintiff asserts that consolidation is not appropriate as the two cases involve a number of factual differences, there are allegations in the present case that are not present in the *Mobley* case, and consolidation for trial would be confusing to the jury and prejudicial to the respective plaintiffs. Plaintiff further asserts that consolidation would decrease the chance of settlement, and would increase Plaintiffs' costs as it would necessitate Plaintiffs' counsel to hire an additional attorney to assist at trial.

There is no question that the cases Defendants seek to consolidate contain similar factual allegations. Plaintiffs both assert that they were terminated for speaking out against illegal practices that were taking place within City administration. Furthermore, the Plaintiff in this case does not dispute that both cases will involve many of the same witnesses, and discovery information; in fact, both parties have agreed to consolidate the cases for purposes of discovery. Therefore, the key determination to be made is whether consolidation will cause unfair prejudice to the Plaintiff. *HBE Corp.*, 135 F.3d at 551. In the hearing held before this Court, Plaintiff's counsel stated that consolidation would require additional counsel, in order to properly present the two distinct factual cases to a single jury, without confusion. Plaintiff's counsel further stated that consolidating the two cases would diminish the chances of settlement, due to the factual distinctions between the two cases, and personality differences between the two plaintiffs. The Court finds that there is the potential for prejudice to the Plaintiff if the two cases are consolidated, and therefore, consolidation is inappropriate. The parties have agreed to consolidation for purposes of discovery, which will largely reduce the costs and judicial resources that will be expended in the defense of the two cases, and therefore, the prejudice to Defendants is largely reduced. Plaintiff's counsel has raised serious concerns about the potential prejudice to

the Plaintiffs in the two cases Defendants seek to consolidate, and therefore, the Court will not exercise its discretion to consolidate the cases.

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' Motion to Consolidate [doc. #20] is **DENIED**.

Dated this <u>6th</u> Day of <u>September</u>, 2007.

                                               E. RICHARD WEBBER
                                               UNITED STATES DISTRICT JUDGE