UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| TODD A. CRISWELL, ) | |
| ) | |
| Plaintiff(s), ) | |
| ) | |
| vs. ) | Case No. 4:06CV01565 ERW |
| ) | |
| CITY OF O'FALLON, MISSOURI, et al., ) | |
| ) | |
| Defendant(s). ) | |

## **MEMORANDUM AND ORDER**

This matter comes before the Court on Plaintiff's Motion to Compel Testimony [doc. #30].

## I. BACKGROUND

Plaintiff Criswell filed suit against Defendants City of O'Fallon, Missouri ("the City"), Donna Morrow, Robert Lowery, Jr., Greg Smothers, Daniel Christoff, Pierce Conley, Rick Lucas, Peter Cantwell, John Haman, Bill Hennessy, and Jeff Schwentker, alleging two counts arising out of Plaintiff's termination from his employment with the City. Under Count I, Plaintiff alleged that Defendants violated Plaintiff's rights under the First Amendment of the Constitution and is therefore liable under 42 U.S.C. §§ 1983 and 1985. Under Count II, Plaintiff alleged wrongful discharge under Missouri Public Policy law. Plaintiff's allegations allegedly arise out of Defendant's retaliation against Plaintiff for exercising his right to free speech. Defendants filed a Motion to Dismiss, which this Court granted in part and denied in part. The only claims remaining following this Court's order are against the City and Defendants Lowery and Smothers

1

under Count I, for violation of 42 U.S.C. § 1983, and under Count II against the City; all other Defendants under Count II were dismissed.

Plaintiff now seeks to compel the deposition testimony, over Defendants' objections, of Rick Fischer and Mary Creamer. Both Mr. Fischer and Ms. Creamer were attorneys for the City during the time period at issue. While Plaintiff was employed by the City, there were a number of conversations which took place between Plaintiff and Ms. Creamer and Mr. Fischer in which Ms. Creamer and Mr. Fischer were called upon to provide legal advice to Plaintiff regarding his duties as a Director of Community Development. While Defendants do not object to the two attorneys' depositions in total, Defendants do object to any questioning regarding information that would ordinarily be subject to attorney client privilege. An in court hearing was held on January 8, 2008. The Court will now address the pending motion.

## II. LEGAL STANDARD

"**In General.** Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party . . .." Fed. R. Civ. P. 26(b)(1). A party may file a motion compelling discovery "[i]f a party fails to make a disclosure required by Rule 26(a) . . .." Fed. R. Civ. P. 37(a)(2)(A). The Eighth Circuit has traditionally applied the common-law of attorney client privilege to federal cases, in accordance with Federal Rule of Evidence 501. *See e.g. In re Grand Jury Subpoena Duces Tecum*, 112 F.3d 910, 915 (8th Cir. 1997). Proposed rule of evidence 503, which is commonly cited for a definition of attorney client privilege states:

> A client has a privilege to refuse to disclose and to prevent any other person from disclosing confidential communications made for the purpose of facilitating the rendition of professional legal services to the client, (1) between himself or his representative, or (2) between his lawyer and the lawyer's representative, or (3) by him or his lawyer to a lawyer representing another in a matter of common interest, or (4) between representatives of the client or between the client and a representative of the client, or (5) between lawyers representing the client.

56 F.R.D. 183, 236 (1972). This proposed rule further provides a definition of client, which states: "A 'client' is a person, public officer, or corporation, association, or other organization or entity, either public or private, who is rendered professional legal services by a lawyer, or who consults a lawyer with a view to obtaining professional legal services from him." *Id.* at 235. "While the privilege, where it exists, is absolute, the adverse effect of its application on the disclosure of truth may be such that the privilege is strictly construed." *Diversified Industries, Inc. v. Meredith*, 572 F.2d 596, 602 (8th Cir. 1977).

## III. DISCUSSION

The specific issue involved in this case is the scope of the attorney-client privilege in the context of communications between two former City attorneys and a former City employee. The Parties raise a number of arguments in their briefs that the Court will address in turn. First, the Court will address the applicability of the attorney-client privilege to a municipal entity. Secondly, the Court will address whether the requirements of the attorney-client privilege have been met in this case. Lastly, the Court will determine whether the crime-fraud exception applies.

The Court must first determine whether a government entity, in this case a city, is entitled to protection by the attorney-client privilege. The District of Columbia court of appeals addressed this question in the context of the applicability of the attorney-client privilege to a federal government agency. The Court held that the attorney-client privilege " protects those disclosures necessary to obtain informed legal advice which might not have been made absent the privilege." *Goastal States Gas Corp. v. Department of Energy*, 617 F.2d 854, 863 (D.C.Cir. 1980) (quoting *Fisher v. United States*, 425 U.S. 391, 403 (1976)). Furthermore, "Proposed Rule 503 explicitly recognizes that 'public officers' and 'public entities' who consult with a lawyer

to obtain legal services may refuse to disclose confidential communications made for the purpose of facilitating the rendition of those legal services." *Winton v. Board of Commissioners of Tulsa County, Oklahoma*, 188 F.R.D. 398, 400 (N.D.Okla. 1999). "In short, Proposed Rule 503 recognizes an attorney-client privilege for public entities and officers . . .." *Id.*; *See also New York City Managerial Employee Association v. Dinkins*, 807 F.Supp. 955, 958 (S.D.N.Y. 1992) ("The Court agrees that each of these items contained a discussion of legal advice given by the New York Corporation Counsel to City officials and/or agencies that are therefore protected by the attorney-client privilege."). The Sixth Circuit addressed the exact question before this Court, "whether a municipal corporation can assert the attorney-client privilege in the context of civil litigation[,]" and concluded that "a municipality can assert the attorney-client privilege in civil proceedings." *Ross v. City of Memphis*, 423 F.3d 596, 600-601, 603 (6th Cir. 2005); *see also In re Witness Before special Grand Jury 2000-2*, 288 F.3d 289, 291 (7th Cir. 2002) ("[B]oth parties here concede that, at least in the civil and regulatory context, the government is entitled to the same attorney-client privilege as other any other client."). Plaintiff's bold statement that no governmental attorney-client privilege exists in this case is not supported by case law. The Court sees no reason why conversations with an attorney, employed on behalf of a municipality, would not be subject to the attorney-client privilege, when all other requirements of the privilege are met.

The attorney-client privilege applies only if:

> (1) the asserted holder of the privilege is or sought to become a client; (2) the person to whom the communication was made (a) is a member of the bar of a court, or his subordinate and (b) in connection with this communication is acting as a lawyer; (3) the communication relates to a fact of which the attorney was informed (a) by his client (b) without the presence of strangers (c) for the purpose of securing primarily either (I) an opinion on law or (ii) legal services or (iii) assistance in some legal proceeding, and not (d) for the purpose of committing a crime or tort; and (4) the privilege has been (a) claimed and (b) not waived by the client.

*Diversified Industries, Inc. v. Meredith*, 572 F.2d 596, 601-602 (8th Cir. 1977). This rule is more concisely stated as "where legal advice of any kind is sought from a professional legal advisor in his capacity as such, the communications relevant to that purpose, made in confidence by the client, are at his instance permanently protected from disclosure by himself or by the legal advisor except the protection be waived." *Id.* (internal citations omitted)). The first question is to determine whether the Plaintiff was acting on behalf of the City in the communications which took place between Plaintiff and City attorneys. Like a corporation, a city "can communicate or receive communications only by or through its human agents." *Id.* at 602. Plaintiff has sought an order compelling the testimony of Mr. Fisher and Ms. Creamer at a deposition, which is yet to have taken place. Therefore, the Court is unable to examine the specific context of the communications to determine whether the individual with whom the attorney was communicating, either the Plaintiff or another city employee, was acting as the client in their capacity as a City employee. However, so as to avoid any confusion, the Court emphasizes that as a municipality, the City may only act through its employees, and therefore these communications are ordinarily protected by the attorney-client privilege. The second requirement is undisputed; the City retained Mr. Fisher and Ms. Creamer to represent the City in a legal capacity, and during the communications at issue Mr. Fisher and Ms. Creamer were acting in a legal capacity. The Court assumes that the majority of the communications which are relevant to Plaintiff's legal claims, involve legal advice given by Mr. Fisher and Ms. Creamer relating to the firing of certain City employees as a result of their alleged failure to comply with the City's requests, namely the subject of the instant suit. These communications would clearly fit the definition of communications concerning legal advice or counsel.

The final requirement is that the privilege has been claimed and not waived. In a letter submitted in support of Plaintiff's motion, counsel for Defendants specifically states that they are asserting the attorney-client privilege, and that the privilege has not been waived. There is an assertion by Plaintiff that Plaintiff can waive the privilege, as he was privy to the communications at issue. However, the Court concludes that if those communications took place in his capacity as a City employee, and he was acting on the City's behalf, then the privilege is the City's to waive, and not Plaintiff's. Plaintiff is no longer a City employee, and is not in a position to waive the privilege on its behalf. The Second Circuit addressed this issue in a similar context in the case of *In re Grand Jury Proceedings*, 219 F.3d 175, 184 (2nd Cir. 2000). In *Grand Jury Proceedings*, a corporation had asserted the attorney-client privilege, but an employee of the corporation, the CEO, had testified before the grand jury to information that would otherwise have been protected by the privilege. *Id.* While the Second Circuit declined to adopt a per se rule, they held that on the facts before them, the CEO's testimony did not constitute a broad waiver of the attorney-client privilege. *Id.* at 185-86. One of the key factors which the court cited to, was the corporations formal notification to the government of its intention to preserve the privilege. *Id.* at 186. The privilege in the present case belongs to the City, and not to any individual employee. *See e.g. Matter of Bevill, Bresler & Schulman Asset Management Corp.*, 805 F.2d 120, 124 (3rd Cir. 1986) ("[A]ny privilege that exists as to a corporate officer's role and functions within a corporation belongs to the corporation, not the officer."); *see also United States v. Doe*, 2005 WL 106493, *16 (N.D.Iowa, January 12, 2005). Therefore, the Court finds that on the facts before it, there has been no waiver of the privilege. The City has specifically informed the Plaintiff that the conversations are protected by privilege, and that there has been no waiver. The Plaintiff's assertion that because the City authorized the conversations, that took place between

Plaintiff and Ms. Creamer and Mr. Fisher, the City cannot now assert the privilege, is unpersuasive. At the time those conversations took place, Plaintiff was an employee of the City, and therefore the authorization is not indicative of waiver. The Court concludes that the City can assert the attorney-client privilege, and that there has not been a waiver of that privilege.

The Court next looks at whether the crime-fraud exception applies to the conversations at issue. "The crime-fraud exception to otherwise privileged attorney-client communications applies to 'communications made for the purpose of getting advice for the commission of a fraud or crime.'" *Kilpatrick v. King*, 499 F.3d 759, 766 (8th Cir. 2007) (citing *United States v. Zolin*, 491 U.S. 554, 563 (1989)). In order to rely upon this exception, the party seeking the information, in this case Plaintiff, "must make a threshold factual showing that the exception applies; in other words, the party urging discovery must present facts warranting a reasonable belief that the deponent obtained legal advice to further a crime or fraud." *Id.* The Plaintiff must show that the Defendant City intended to further a crime or fraud in seeking the advice of Ms. Creamer and Mr. Fisher. *Id.* Plaintiff asserts that the City sought advice regarding the firing of Plaintiff following his alleged refusal to follow instructions to disobey City ordinances in conducting the duties of his employment with the City. The difficulty in the case at bar is that the alleged criminal or fraudulent activity, is the exact activity which is the subject of the pending suit. Therefore, whether the advice of the City's attorneys was sought in furtherance of that alleged illegal activity requires a finding on the ultimate question. The Court is not able to make such a determination based on the information before it, and therefore Plaintiff has failed to provide a sufficient factual basis to support the application of the exception. The Eighth Circuit addressed a similar issue in *Kilpatrick*, in which the Plaintiff asserted the crime-fraud exception to attorney-client privilege in a retaliation suit. 499 F.3d at 766. In that case, the Eighth Circuit concluded that the Plaintiff

7

had not met its burden "of presenting a factual basis to support his belief that Wilson [Defendant] obtained advice from Wheeler [attorney] in furtherance of any alleged retaliation against Kilpatrick [plaintiff]." *Id.* Plaintiff in this case asserts that the on-going Federal Bureau of Investigation ("FBI") investigation is evidence of illegal activity. However, this alone is insufficient to show that the attorneys were retained in order to further the illegal activity. Again, the Court faces the same problem that was addressed above; no specific testimony has been held which is now before the Court. However, the Court finds that Plaintiff has failed to meet its burden. The two attorneys in question, Ms. Creamer and Mr. Fisher, were employed as general counsel for the City. They were not retained specifically for the purpose of determining the legality of Plaintiff's termination. Nor has the Plaintiff presented evidence that they were retained in order to further the allegedly illegal escrow payments that were being made to certain favored contractors within the City. Their role was as general counsel to the city. Therefore, the Court does not find that the crime-fraud exception is applicable in the case at bar.

## IV. CONCLUSION

The Plaintiff may still seek responses to certain questions during the depositions of Ms. Creamer and Mr. Fisher, and if at that time the Defendant, acting in good faith, asserts the attorney-client privilege, the Plaintiff is not barred from again seeking to compel such responses through a motion before this Court. However, the Court does not believe that a blanket determination can be made regarding all testimony by the City's former attorneys related to Plaintiff's termination. The crime-fraud exception is narrow, and Plaintiff has not shown that the advice sought from Ms. Creamer and Mr. Fisher was in furtherance of a fraud or crime. The Court also notes that as a general rule, a city, such as the Defendant in this case, is protected by the attorney-client privilege, when an attorney is hired to provide the city with legal counsel.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Compel Testimony [doc. #30] is **DENIED**.

Dated this <u>29th</u> Day of <u>January</u>, 2008.

 

*signature*
E. RICHARD WEBBER
UNITED STATES DISTRICT JUDGE