UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| TODD A. CRISWELL, et al., ) | |
| ) | |
| Plaintiff(s), ) | |
| ) | |
| vs. ) | Case No. 4:06CV01565 ERW |
| ) | |
| THE CITY OF O'FALLON, MISSOURI, et al., ) | |
| ) | |
| Defendant(s). ) | |

**MEMORANDUM AND ORDER**

This matter comes before the Court on Defendants' Motion for Protective Order and Motion for Documents to be Filed Under Seal [doc. #55].

**I. BACKGROUND**

Plaintiff Criswell filed suit against Defendants City of O'Fallon, Missouri ("the City"), Donna Morrow, Robert Lowery, Jr., Greg Smothers, Daniel Christoff, Pierce Conley, Rick Lucas, Peter Cantwell, John Haman, Bill Hennessy, and Jeff Schwentker, alleging two counts arising out of Plaintiff's termination from his employment with the City. Under Count I, Plaintiff alleged that Defendants violated Plaintiff's rights under the First Amendment of the Constitution and is therefore liable under 42 U.S.C. §§ 1983 and 1985. Under Count II, Plaintiff alleged wrongful discharge under Missouri Public Policy law. Plaintiff's allegations arise out of Defendant's alleged retaliation against Plaintiff for exercising his right to free speech. Defendants filed a Motion to Dismiss, which this Court granted in part and denied in part. The only claims remaining following this Court's order are against the City and Defendants Lowery and Smothers

1

under Count I, for violation of 42 U.S.C. § 1983, and under Count II against the City; all other Defendants under Count II were dismissed.

A similar case was filed by Plaintiff Charles E. Mobley against the same Defendants, raising the same claims. A similar motion to dismiss was filed by Defendants in the Mobley case, and the court ruled in the same manner as this Court, leaving the same claims pending against the same Defendants. The two cases initially proceeded separately, however much of the discovery in the two cases was consolidated by agreement of the Parties. On February 6, 2008, the Parties filed a joint motion to consolidate the two pending cases for trial, and that motion was granted, and the cases consolidated, on February 8, 2008.

The case is set for trial on a three week docket starting on July 7, 2008. Currently pending before the Court is Defendants' motion for summary judgment, which is fully briefed and will be addressed by this Court prior to trial on this matter. In conjunction with their response in opposition to Defendants' motion for summary judgment, Plaintiffs attached excerpts from Plaintiffs Criswell and Mobley's depositions. Defendants object to certain portions of these depositions as they allegedly contain attorney-client privileged communications, and have filed a motion for protective order and motion for documents to be filed under seal, in order to remove the offending portions of the depositions, and to seal the memorandum and exhibits filed by Plaintiffs. The Court will now address Defendants' motion.

**II. DISCUSSION**

Plaintiffs assert, in response to Defendants' motion for protective order, that the City waived its right to assert the attorney client privilege by inquiring into the contents of communications between Plaintiffs and in-house counsel Rick Fischer and Mary Creamer, at Plaintiffs' respective depositions. Plaintiffs do not claim that the information is not privileged.

Defendant disputes that any waiver took place, arguing that at the time of the Plaintiffs' depositions, there was a motion to compel pending before this Court, which, if granted, would have compelled the Defendant to provide information regarding the communications between in-house counsel and Plaintiffs, and therefore Defendants acted prudently in deposing Plaintiffs on these subjects. Defendants further assert that at all times throughout the depositions, Defendants' counsel made clear that they were not waiving their right to assert the attorney-client privilege.

Federal Rule of Civil Procedure 26(c) provides, in pertinent part: "The Court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following: (A) forbidding the disclosure or discovery; . . . (F) requiring that a deposition be sealed and opened only on court order." Fed. R. Civ. P. 26(c)(1)(A) & (F). It is clearly within the authority of this Court to seal the record, in order to protect the Defendant City from harm resulting from the disclosure of attorney-client privileged communications.

The Court has reviewed the portions of the deposition testimony provided by Defendants, and notes that Defense counsel made clear that the line of questioning involved attorney-client privileged communications, but due to the motion that was pending before this Court, they believed it prudent to so inquire. The Court finds that this does not constitute a waiver of attorney-client privilege. There is little case law directly on point, however, Defendants adeptly cite the Court to the Florida state court case of *Bolin v. State*, in which the Florida Supreme Court addressed a very similar situation in the context of spousal privilege. 642 So.2d 540 (Fla. 1994). In that case the court held that "while using a discovery deposition waives the privilege, merely taking such a deposition does not." *Bolin*, 642 So.2d at 541. The court reasoned that

> [a] discovery deposition is designed to elicit what a witness knows. The defense needs to ascertain what a spouse might know, but, if the privilege will be waived by

3

> merely asking, engaging in discovery can become extremely risky. A defendant can, of course, waive the privilege after engaging in discovery, but a waiver then would be knowing.

*Id.* The Court finds the Florida court's reasoning persuasive. Defendants can not be found to have waived the attorney-client privilege merely by inquiring of Plaintiffs regarding privileged communications. Defense counsel made it clear on the record that such material was privileged, and that by inquiring the Defendants were not waiving their right to assert the privilege.

Plaintiffs briefly argue that the waiver in this case was knowing, as two employees of Defendant City were present during Plaintiffs' depositions, were acting as the City's representatives, and failed to object to the disclosure of the information. Defendants raise three counter-arguments, two of which the Court finds persuasive. Defendants first argue that neither Defentant Lowery nor Mr Griesenauer, the City employees present during the depositions, had the authority to waive the privilege as it belongs to the City. However, this argument is unpersuasive due to Defendant Lowery and Mr. Griesenauer's presence as representitives of the City. Secondly, Defendants argue that there was no need for the City's representatives to object, as Defendants' counsel had clearly established at each deposition that the City was not waiving its attorney-client privilege. The record clearly reflects this position, and supports the Courts conclusion in the proceeding paragraph. Thirdly, Defendants argue that the two representatives present during the depositions do not constitute third parties for purposes of waiver. If information is disclosed to a third party, then the information is no longer protected by the attorney-client privilege. However, as the two individuals were acting as representatives, Defendants are correct that they were not third-parties for purposes of waiver. Therefore, Plaintiffs' argument that the presence of Defendant Lowery and Mr. Griesenauer at the depositions supports a finding of waiver is unpersuasive.

4

**III. CONCLUSION**

The Court concludes that Plaintiffs have failed to provide the Court with evidence sufficient to support a finding of waiver. Therefore, the Court holds that the information contained in Plaintiffs' depositions which discusses communications by Plaintiffs with in-house counsel is protected by attorney-client privilege. Exhibits A and C filed in support of Document #52, Plaintiffs' Statement of Material Facts, and Document #54, Plaintiffs' Response in Opposition to Defendants' Motion for Summary Judgment, are ordered placed under seal. The Defendant City has not waived its right to protect communications between itself and its counsel, and therefore such portions of Plaintiffs' deposition testimony are protected.

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' Motion for Protective Order and for Documents to be Filed Under Seal [doc. #55] is **GRANTED**. Exhibits A and C to Document No. 52, and Document No. 54 are ordered placed under seal.

Dated this 23rd Day of May, 2008.

*E. Richard Webber*
E. RICHARD WEBBER
UNITED STATES DISTRICT JUDGE