UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| TODD A CRISWELL, | ) |
| | ) |
| Plaintiff(s), | ) |
| | ) |
| vs. | ) Case No. 4:06CV01565 ERW |
| | ) |
| CITY OF O'FALLON, MISSOURI, et al., | ) |
| | ) |
| Defendant(s). | ) |

**MEMORANDUM AND ORDER**

This matter comes before the Court on Defendants' Motion for Costs [doc. #85], and Plaintiffs' Motion to Stay or Continue the Taxation of Costs [doc. #90].

**I. MOTION TO STAY**

This Court entered judgment in favor of Defendants on June 16, 2008. Following the entry of judgment, Defendants' filed a motion for costs, which is currently pending. Plaintiffs requested that this Court stay ruling on Defendants' motion for costs pending a ruling by the Eighth Circuit Court of Appeals on Plaintiffs' appeal. Defendants responded that rather than stay a ruling on Defendants' motion, the Court should rule Defendants' motion, and stay enforcement of the judgment for costs, until the completion of the appeal process. Under Rule 54(d) costs other than attorney's fees "should be allowed to the prevailing party." Fed. R. Civ. P. 54(d). There is no provision for the automatic stay of the imposition of costs pending appeal, and Plaintiffs have failed to provide the Court with a compelling argument as to why such a stay is warranted in the present case. The Court agrees with Defendants' assessment, and will therefore rule on Defendants' motion for costs.

1

**II. MOTION FOR COSTS**

    **A. LEGAL STANDARD**

Rule 54(d) of the Federal Rules of Civil Procedure provides that "costs other than attorney's fees shall be allowed as of course to the prevailing party unless the court otherwise directs. . . ." Fed. R. Civ. P. 54(d). Pursuant to 28 U.S.C. § 1920, costs may be taxed for:

    (1)    Fees of the clerk and marshal;
    (2)    Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;
    (3)    Fees and disbursements for printing and witnesses;
    (4)    Fees for exemplification and copies of papers necessarily obtained for use in the case;
    (5)    Docket fees under section 1923 of this title;
    (6)    Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920. The Court may not award costs other than those authorized by § 1920 because this section "imposes rigid controls on cost-shifting in federal courts." *Brisco-Wade v. Carnahan*, 297 F.3d 781, 782 (8th Cir. 2002) (internal quotation omitted). Upon objection by the opposing party as to authorized costs, however, the Court may exercise its discretion to grant or deny costs. *Pershern v. Fiatallis North America, Inc.*, 834 F.2d 136, 140 (8th Cir. 1987). There is no requirement that the prevailing party be awarded costs under Rule 54(d).

    **B. DISCUSSION**

Defendants seek reimbursement of costs in the amount of $10,675.83. Plaintiffs' did not file a response to Defendants' motion for costs within the time allotted.[1] Defendants request $7,635.02 for court reporter costs, $161.28 for witness fees, $95.20 for exemplification and

---

[1] Under the local rules, if no timely objection is made to a request for an award of costs, the costs shall be taxed to the losing party. Eastern District of Missouri Local Rule 54-8.03. However, the Court will briefly address the amount of Defendants' requested costs.

copies of papers necessarily obtained for use in this case, and mediation fees in the amount of $2,784.33. The Court concludes that all costs are reasonably taxed to the Plaintiffs, with the exception of mediation costs. The Eighth Circuit in *Brisco-Wade*, specifically addressed mediation expenses, concluding that the district court "lacked authority to [tax mediation expenses against the defendants] given section 1920's exhaustive list of what costs may be assessed." *Brisco-Wade*, 297 F.3d at 782. Therefore the Court will subtract $2,784.33 from Defendants' requested costs.

## III. CONCLUSION

The Court concludes that Defendants' are entitled to costs in the amount of $7,891.50. However, Defendants will not act to collect on this judgment until after all appeals in this case have been completed.

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' Motion for Costs [doc. #85] is **GRANTED in part** and **DENIED in part**. Plaintiffs shall pay Defendants' costs in the amount of $7,891.50, after the completion of all appeals of this case.

**IT IS FURTHER ORDERED** that Plaintiffs' Motion to Stay or Continue the Taxation of Costs [doc. #90] is **DENIED**.

Dated this 21th Day of August, 2008.

_E. Richard Webber_
E. RICHARD WEBBER
UNITED STATES DISTRICT JUDGE